**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**JOLEEN YOUNGERS, personal**
**representatives of the ESTATE OF**
**STEVEN MARQUEZ, KAREN MARQUEZ,**
**and MICHAEL LEONARD MARQUEZ**

      **Plaintiffs,**

**vs.**                                                              **Docket No. D-101-CV-2017-03260**

**CITY OF LAS VEGAS, ELIAS RAEL**
**CALEB MARQUEZ, and JOSEPH**
**MASCARENAS,**

      **Defendants.**

## <u>NOTICE OF REMOVAL</u>

COMES NOW Defendants City of Las Vegas, Elias Rael, Caleb Marquez and Joseph Mascarenas, and for their Notice of Removal, states as follows:

1.      Pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendant, State of New Mexico, give Notice of Removal to this Court of all counts and claims asserted by Plaintiffs, in the civil action filed in the First Judicial District Court, State of New Mexico, County of Santa Fe, styled: <u>*Joleen Youngers, personal representatives of the Estate of Steven Marquez, Karen Marqez and Michael Leonard Marquez v. City of Las Vegas, et al.*</u>, Cause No. D-101-CV-2017-03260. Copies of all pleadings filed in state court action are attached hereto as Exhibit "A".

2.      The Complaint (Tort) was e-mailed to the Defendants counsel on November 20, 2017. This Notice of Removal is filed within thirty (30) days of receipt of the Complaint and is timely filed under 28 U.S.C. §1446(b).

3.      Defendant states that this is an action of a civil nature in which the United States

District Court has original jurisdiction and this Court has jurisdiction pursuant to 28 U.S.C. §1331.

Defendant is a resident of the State of New Mexico, and Plaintiffs are residents of the State of New

Mexico.

    4.    Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal has been

given to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the

First Judicial District Court, County of Santa Fe, State of New Mexico.

Respectfully submitted,

**HALE & DIXON, P.C.**

By /s/  Timothy S. Hale
    Timothy S. Hale, Esq.
    1010 Tijeras Ave., N.W.
    Albuquerque, NM 87102
    (505) 232-6634
    thale@hdnmlaw.com
    *Attorney for Defendants*

**I HEREBY CERTIFY** that a true and correct
copy of the foregoing was electronically filed
on this___20th___ day of December , 2017, to counsel of
record as follows:

Alexandra Freedman Smith, Esq.
925 Luna Circle NW
Albuquerque, NM 87102
asmith@smith-law-nm.com
*Attorney for Plaintiffs*

Frances C. Carpenter, Esq.
925 Luna Circle NW
Albuquerque, NM 87102
frances@francescrockettlaw.com
*Attorney for Plaintiff's*

/s/  Timothy S. Hale
Timothy S. Hale, Esq.

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/16/2017 3:31:25 PM
STEPHEN T. PACHECO
Jennifer Romero

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

JOLEEN YOUNGERS, personal
representatives of the ESTATE OF
STEVEN MARQUEZ, KAREN MARQUEZ,
and MICHAEL LEONARD MARQUEZ

      **Plaintiffs**

**vs.**

      Case No.   D-101-CV-2017-03260

**CITY OF LAS VEGAS, ELIAS RAEL,**     Case assigned to Mathew, Francis J.
**CALEB MARQUEZ, and JOSEPH**
**MASCARENAS,**

      **Defendants.**

## COMPLAINT FOR WRONGFUL DEATH, LOSS OF CHANCE, AND LOSS OF CONSORTIUM

### INTRODUCTION

Plaintiff, Joleen Youngers, brings this Complaint for wrongful death and loss of chance, against the City of Las Vegas and the named individual police officers for negligent investigation resulting in the wrongful death of, Steven Marquez, on July 18, 2016.  Plaintiffs Karen and Michael Leonard Marquez, Steven Marquez's parents, bring claims for loss of consortium. Steven Marquez, was murdered by an intimate partner.  On July 18, 2016, Steven Marquez's neighbor called 911 because she heard screaming, banging, someone being hit, and heard Steven Marquez calling for help.  When the defendant police officers came to investigate, they knocked on the door and heard someone in the apartment knock in response.  Despite the fact that they knew someone was in the apartment knocking to get their attention and that there had been a serious domestic disturbance minutes before they arrived, the police did not investigate further

1



and left the apartment.  The next day, Steven Marquez's parents found their son dead in his

apartment after being beaten on his head with a blunt object.  Steven Marquez died from his

injuries hours after the defendant police officers left his apartment. Had the defendant police

officers properly investigated, Steven Marquez would have lived.   This case presents a tragedy

that resulted from a toxic blend of apathy and bad police training.  Plaintiffs bring this Complaint

for Wrongful Death as a result of Defendants' negligence.

## JURISDICTION AND VENUE

1.  Jurisdiction and venue are proper in this district where Plaintiff, Joleen Youngers, is a

    resident of Santa Fe, New Mexico.

## PARTIES

2.  Plaintiff, Joleen Youngers is an attorney in Santa Fe, New Mexico, and is the duly appointed

    personal representatives of Steven Marquez's estate.

3.  Plaintiffs Karen and Michael Marquez are Steven Marquez's parents and residents of San

    Miguel County, New Mexico.

4.  Defendant City of Las Vegas ("City") is a governmental entity in the State of New Mexico,

    County of San Miguel.

5.  Defendant Elias Rael ("Officer Rael") is a law enforcement officer for the City of Las Vegas

    as defined in the New Mexico Tort Claims Act, NMSA 1978 § 41-4-3(D) at all times

    material to this Complaint.

6.  Defendant Caleb Marquez ("Officer Marquez") is a law enforcement officer for the City of

    Las Vegas as defined in the New Mexico Tort Claims Act, NMSA 1978 § 41-4-3(D) at all

    times material to this Complaint.

7. Defendant Joseph Mascarenas ("Officer Mascarenas") is a law enforcement officer for the City of Las Vegas as defined in the New Mexico Tort Claims Act, NMSA 1978 § 41-4-3(D) at all times material to this Complaint.

## FACTUAL ALLEGATIONS

8. On July 18, 2016, at approximately 11:00 pm, Steven Marquez's next-door neighbor heard screaming, banging, the sounds of someone being hit, and Steven Marquez's cries for help.

9. Steven Marquez lived in an apartment, and his apartment was adjacent to his neighbor's apartment.

10. His neighbor called 911 and reported what she heard to the dispatcher.

11. Defendant Las Vegas Police Department officers, Rael, Marquez, and Mascarenas arrived at Steven Marquez's apartment at 11:06 pm.

12. Upon arrival, Defendant officers did not hear any disturbances in the apartment.

13. Officer Mascarenas knocked on the outer security door to Steven Marquez's apartment.

14. All three defendant police officers reported hearing a "sarcastic knock" back from inside the apartment.

15. After hearing this knock, they walked around the apartment, but could not see into the windows.

16. Mr. Marquez's bathroom window was open.

17. Officer Marquez and Officer Mascarenas stated that the outer security door was locked.

18. Officer Rael spoke with Steven Marquez's neighbor who had called 911. She told him that the noise had stopped a few minutes before they arrived. She said she heard something or someone hit the wall, screaming, banging, the sounds of someone being hit, and Steven Marquez's cries for help.

19. After speaking with Steven Marquez's neighbor, Defendant police officers left the apartment.

20. They cleared the scene only ten minutes after they arrived.

21. The Defendant police officers never determined whether the person they heard knocking inside the residence needed help.

22. The Defendant police officers never tried to contact the landlord to open the door.

23. The Defendant police officers never requested help from the fire department to open the door.

24. The next day, Plaintiffs Karen and Michael Leonard Marquez became worried about their son when they did not hear from him all day.

25. At approximately 8:00 pm, they went to Steven Marquez's apartment.

26. When they arrived, they noticed that Steven Marquez's outer security door was unlocked. They thought this was unusual because their son always locked his security door.

27. They knocked on the door of the apartment, but Steven Marquez did not come to the door.

28. Increasingly worried, they called Steven Marquez's landlord and asked him for a key to the apartment.

29. After receiving the key to the apartment, they opened Steven Marquez's door.

30. They found their son, dead, lying face down near the door to the apartment.

31. They called the police.  The police arrived and conducted an investigation.

32. The police found evidence that a struggle that had taken place in the apartment. The drywall on the wall had been broken and indented.  Objects had been knocked over and knocked off the walls.

33. Steven Marquez died from blunt force trauma to the head.

34. He also had numerous injuries on his face, head, chest, arms, and legs.

4

35. This indicated that he had been in a physical struggle before he died.

36. Upon information and belief, after being bludgeoned on his head, Steven Marquez survived for at least twelve (12) hours before he died.

37. The defendant police officers were present at Steven Marquez's apartment at 11:06 pm on July 19, 2016, only minutes after his neighbor called 911 and Steven Marquez was alive.

38. Steven Marquez was in the apartment signaling for help from the Defendant officers when he knocked in response to the officers' knock in an attempt to get their attention.

39. Had Defendant police officers conducted a proper investigation, they would have found Steven Marquez still alive and could have saved his life.

40. After police officers conducted an investigation, Daniel Sullivan was charged with the murder of Steven Marquez.

41. Daniel Sullivan was a person with whom Steven Marquez had an ongoing sexual relationship. They were intimate partners.

42. When Daniel Sullivan was interviewed by police, he stated he was with Steven Marquez until 11:30 pm on July 19, 2016, the night he was murdered.

43. This means he was in the apartment with Steven Marquez at the time the Defendant officers arrived and knocked on the door.

44. Additionally, when the Defendant officers knocked on Steven Marquez's door on July 19, 2016, they stated the outer security door was locked.

45. The next day, however, Steven Marquez's parents found the outer security door unlocked when they arrived and found their son's body.

46. This indicates that Daniel Sullivan was in the apartment with Steven Marquez with the security door locked when the Defendant officers arrived, and left after the Defendant

5

officers ended their investigation and let himself out of the apartment locking the inner door behind him, but leaving the outer, security door unlocked.

47. Had Defendant police officers conducted a proper investigation, they could have prevented Steven Marquez's murder.

48. Steven Marquez's parents survive him and had a very close and intimate relationship with him which included his promise to care for them when they were old, financial support, mutual dependence which was emotional and physical. Steven and his parents were extremely close and loved very close to each other. They rarely went a day without assisting each other in some way whether it was getting groceries, going to doctors' appointments, or providing emotional, physical, or financial support.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Negligent Investigation Resulting in Wrongful Death
### NMSA 1978 § 41-4-12
### (All Defendants)

49. Plaintiffs incorporates by reference the preceding paragraphs as though fully stated herein.

50. Police officers are liable for wrongful death resulting from the "deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." NMSA 1978 § 41-4-12.

51. All police officers have a duty "to investigate all violations of the criminal laws of the state which are called to the attention of any such officer or which he is aware..." NMSA 1978 § 29-1-1.

6

52. "Law enforcement officers are liable for harm caused by the negligent performance of their statutory duty to investigate crimes." *Torres v. State*, 1995-NMSC-025, ¶ 20, 119 N.M. 609, 894 P.2d 386.

53. Defendants Rael, Marquez, and Mascarenas breached their duty to investigate the domestic violence incident that led to Steven Marquez's murder.

54. The risk that someone in the apartment, including Steven Marquez, would be harmed in that situation was foreseeable.

55. Defendants Rael, Marquez, and Mascarenas's failure to diligently investigate the reported domestic violence incident at Steven Marquez's apartment on July 18, 2016, led to Steven Marquez's death.

56. Defendants Rael, Marquez, and Mascarenas are liable for Steven Marquez's death.

57. Defendant City of Las Vegas is liable for the negligence of its police officers.

58. Defendant City of Las Vegas failed to provide adequate training to its officers regarding responding to domestic violence situations.

59. Defendant City of Las Vegas's failure to provide adequate training to its officers regarding the proper response to domestic violence situations led to Steven Marquez's death.

60. Defendant City of Law Vegas failed to provide adequate supervision to its officers regarding their response to domestic violence situations.

61. Defendant City of Las Vegas's failure to provide adequate supervision to its officers regarding their response to domestic violence situations led to Steven Marquez's death.

62. Defendant City of Las Vegas is liable for Steven Marquez's death.

63. Defendants acted with a reckless disregard for Steven Marquez's life and safety.

## SECOND CAUSE OF ACTION
### Loss of Chance
### (All Defendants)

64. Plaintiffs incorporates by reference the preceding paragraphs as though fully stated herein.

65. Police officers are liable for wrongful death resulting from the "deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." NMSA 1978 § 41-4-12.

66. All police officers have a duty "to investigate all violations of the criminal laws of the state which are called to the attention of any such officer or which he is aware…" NMSA 1978 § 29-1-1.

67. "Law enforcement officers are liable for harm caused by the negligent performance of their statutory duty to investigate crimes." *Torres v. State*, 1995-NMSC-025, ¶ 20, 119 N.M. 609, 894 P.2d 386.

68. Defendants Rael, Marquez, and Mascarenas breached their duty to investigate the domestic violence incident that led to Steven Marquez's murder.

69. Had Defendants Rael, Marquez, and Mascarenas properly investigated the domestic violence incident, they would have found Steven Marquez alive and could have summoned emergency medical care providers.

70. If Steven Marquez had been provided with emergency medical attention when the officers responded to the domestic violence call, he would have had a chance to survive.

71. Steven Marquez lost his chance of surviving his attack due to Defendants Rael, Marquez, and Mascarenas's failure to properly investigate the domestic violence incident.

8

72. Defendants Rael, Marquez, and Mascarenas are liable for Steven Marquez's lost chance to survive his attack.

73. Defendant City of Las Vegas is liable for the negligence of its police officers.

74. Defendant City of Las Vegas failed to provide adequate training to its officers regarding responding to domestic violence situations.

75. Defendant City of Las Vegas's failure to provide adequate training to its officers regarding the proper response to domestic violence situations led to Steven Marquez's lost chance of survival.

76. Defendant City of Law Vegas failed to provide adequate supervision to its officers regarding their response to domestic violence situations.

77. Defendant City of Las Vegas's failure to provide adequate supervision to its officers regarding their response to domestic violence situations led to Steven Marquez's lost chance of survival.

78. Defendant City of Las Vegas is liable for Steven Marquez's death.

79. Defendants acted with a reckless disregard for Steven Marquez's life and safety.

### THIRD CAUSE OF ACTION
### Loss of Consortium
### (All Defendants)

80. Plaintiffs incorporate by reference the preceding paragraphs as though fully stated herein.

81. Defendants, through the acts and omissions stated herein, caused the damages to Steven Marquez's surviving parents.

82. As Steven Marquez's parents, it was foreseeable that they would be harmed by the wrongful death of their son.

83. As a result of the acts and omissions of Defendants herein, Plaintiffs are forced to grow old

9

without the companionship, guidance, love, enjoyment, and support of their son – Stephen Marquez.

84. As a direct and proximate result of the acts or omissions of Defendants herein, Stephen Marquez's parents suffered damages including emotional pain and suffering, loss of consortium, loss of enjoyment of life, and loss of financial support.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully requests that the Court enter judgment in their favor, including:

1. Awarding damages in an amount a jury deems sufficient to compensate Plaintiffs for Defendants' conduct;

2. Damages for the nature, extent, and duration of Steven Marquez's injuries;

3. Punitive damages in an amount a jury deems sufficient to deter Defendants from acting in gross and reckless disregard of, or indifference to, the safety of others;

4. Costs and expenses in bringing this action;

5. For such other and further relief as the Court deems just.

## <u>JURY DEMAND</u>

Plaintiffs respectfully demands a jury on all issues so triable.

Respectfully submitted,
LAW OFFICE OF ALEXANDRA FREEDMAN
SMITH
*/s/ Alexandra Freedman Smith*
**Alexandra Freedman Smith**
925 Luna Circle NW
Albuquerque, NM 87102
Phone: (505) 314-8883; Fax: (505) 835-5658
Email: asmith@smith-law-nm.com

10

LAW OFFICE OF FRANCES CROCKETT
*/s/ Frances C. Carpenter*
Frances C. Carpenter
925 Luna Circle NW
Albuquerque, NM 87102
Phone: (505) 314-8883; Fax: (505) 835-5658

*Attorneys for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/15/2017 2:10:47 PM
STEPHEN T. PACHECO
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

JOLEEN YOUNGERS, personal
representatives of the ESTATE OF
STEVEN MARQUEZ, KAREN MARQUEZ,
and MICHAEL LEONARD MARQUEZ

      Plaintiffs,

vs.                           **Docket No. D-101-CV-2017-03260**

CITY OF LAS VEGAS, ELIAS RAEL
CALEB MARQUEZ, and JOSEPH
MASCARENAS,

      Defendants.

## ENTRY OF APPEARANCE

      **COMES NOW** the law firm of Hale & Dixon, P.C. ( Timothy S. Hale), and hereby enters

its appearance on behalf of Defendants City of Las Vegas, Elias Rael, Caleb Marquez and Joseph

Mascarenas, in the above-numbered and entitled cause of action.

                           Respectfully submitted

                           **HALE & DIXON, P.C.**

                           */s/ Timothy S. Hale, Esq.*
                           Timothy S. Hale, Esq.
                           1010 Tijeras Ave., NW
                           Albuquerque, NM 87102
                           Telephone: (505) 232-6634
                           Facsimile: (505) 268-2041
                           thale@hdnmlaw.com
                           *Attorney for Defendants*

**I HEREBY CERTIFY** that a true and correct
copy of the foregoing was electronically filed
on this_____ day of December, 2017, to counsel of
record as follows:

Alexandra Freedman Smith, Esq.
925 Luna Circle NW
Albuquerque, NM 87102
asmith@smith-law-nm.com
*Attorney for Plaintiffs*

Frances C. Carpenter, Esq.
925 Luna Circle NW
Albuquerque, NM 87102
frances@francescrockettlaw.com
*Attorney for Plaintiff's*


*/s/   Timothy S. Hale*
Timothy S. Hale, Esq.

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/15/2017 2:10:47 PM
STEPHEN T. PACHECO
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

JOLEEN YOUNGERS, personal
representatives of the ESTATE OF
STEVEN MARQUEZ, KAREN MARQUEZ,
and MICHAEL LEONARD MARQUEZ

       Plaintiffs,

vs.                                                          Docket No. D-101-CV-2017-03260

CITY OF LAS VEGAS, ELIAS RAEL
CALEB MARQUEZ, and JOSEPH
MASCARENAS,

       Defendants.

## ACCEPTANCE OF SERVICE

I, Timothy S. Hale, Attorney for Defendants City of Las Vegas, Elias Rael, Caleb Marquez

and Joseph Mascarenas, do hereby certify that a copy of the Complaint for Wrongful Death, Loss

of Chance, and Loss of Consortium was e-mailed to me on November 20, 2017. Formal service of

process is hereby waived.

                              Respectfully submitted

                              **HALE & DIXON, P.C.**

                              /s/
                              Timothy S. Hale, Esq.
                              1010 Tijeras Ave., NW
                              Albuquerque, NM 87102
                              Telephone: (505) 232-6634
                              Facsimile: (505) 268-2041
                              thale@hdnmlaw.com
                              *Attorney for Defendants*

**I HEREBY CERTIFY** that a true and correct
copy of the foregoing was electronically filed
on this ___ day of December, 2017, to counsel of
record as follows:

Alexandra Freedman Smith, Esq.
925 Luna Circle NW
Albuquerque, NM 87102
asmith@smith-law-nm.com
*Attorney for Plaintiffs*

Frances C. Carpenter, Esq.
925 Luna Circle NW
Albuquerque, NM 87102
frances@francescrockettlaw.com
*Attorney for Plaintiff's*


*/s/   Timothy S. Hale*
Timothy S. Hale, Esq.

2